**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4779**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LEONARD HABERN BREWER,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:06-cr-00019-jpj)

---

Submitted:  June 6, 2008              Decided:  June 30, 2008

---

Before MICHAEL and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Gregory M. Stewart, Norton, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Habern Brewer pled guilty to conspiracy to distribute oxycodone and possess oxycodone with intent to distribute, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2008). The district court properly calculated an advisory sentencing range of 151 to 188 months' imprisonment, and imposed a sentence of 180 months' incarceration, to be followed by five years of supervised release. Brewer timely appeals, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence was reasonable, but ultimately concluding there are no meritorious issues for review. Brewer was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume that a sentence within the properly calculated sentencing guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir.

2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding appellate court's presumption of reasonableness for sentences within the guidelines). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

The district court followed the necessary steps in sentencing Brewer, and we find no abuse of discretion in the sentence of 180 months of imprisonment. Moreover, the district court adequately explained its denial of Brewer's request for a downward departure or variance, relying upon Brewer's extensive criminal history, as well as his selling drugs to others, feeding their addictions as well as his own. We have reviewed the record in this case in accordance with Anders and have found no meritorious issues for appeal. We therefore affirm Brewer's conviction and sentence.

This court requires that counsel inform Brewer, in writing, of the right to petition the Supreme Court of the United States for further review. Accordingly, we deny counsel's motion to withdraw at this juncture. If Brewer requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a

copy thereof was served on Brewer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED